IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTOR CAMPOS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. 7:22-cv-008-M-BP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Victor Campos's Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). ECF No. 1. The case has been referred to the undersigned pursuant to Special Order 3. *See* ECF No. 2. After review of Campos's Motion and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this case **WITHOUT PREJUDICE** for **LACK OF JURISDICTION**.

Title 18 U.S.C. § 3582(c), under which Campos seeks relief, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Campos has filed his motion on a form created by the Court to be used by inmates in federal custody who seek a sentence reduction under Amendment 706 of the United States Sentencing

Guidelines.[1] Amendment 706 provides for the possible lowering of the base offense level for federal cocaine base (crack cocaine) offenses by two levels. The United States Sentencing Commission directed that the amendment would apply retroactively to any defendant in federal custody for a conviction involving crack cocaine.[2] Section 1B1.10 of the United States Sentencing Commission Guidelines Manual enables a defendant serving a crack cocaine sentence imposed pursuant to Guideline Section 2D1.1 to seek a reduction in such a sentence by filing a motion under 18 U.S.C. § 3582(c)(2).

Here, inmate Campos states that he was convicted and sentenced in the 148th Judicial District Court of Nueces County, Texas, for the offenses of burglary of a habitation with intent to commit robbery, possession of marijuana, and possession of cocaine. *See* ECF No. 1 at 2. He is currently incarcerated in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. The Court has no record of any criminal conviction for Victor Campos in the United States District Court for the Northern District of Texas.

Title 18 U.S.C. § 3582(c) is a federal criminal statute that allows a federal sentencing court to reduce a defendant's sentence under certain circumstances. *See Stephenson v. Foy*, No. 20-cv-13105, 2021 WL 243156 at *2 (E.D. Mich. Jan. 25, 2021). Because Campos is a state prisoner who was sentenced under state law, he may not obtain a reduction in his sentence or release from prison under § 3582(c). *Id.* "Section 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law." *Ansel v. Cooper*, No. 3:10-cv-548-RJC, 2012 WL 3619266 at *3 (W.D.N.C. Aug. 21, 2012); *see Chavez v. New Mexico*, 716 F. App'x 824, 826 (10th

---

[1] While the form motion does not refer specifically to Amendment 706, the undersigned is familiar with the form and the questions on the form clearly relate to crack cocaine offenses.

[2] *See* United States Sentencing Guidelines Amendment 713 (making Amendment 706 retroactive).

Cir. 2018) (affirming dismissal of state prisoner's Section 3582(c)(2) motion for lack of jurisdiction); *Nguyen v. Unknown*, No. 7:21-cv-059, 2021 WL 326157 at *1–2 (W.D. Va. Feb. 1, 2021) (dismissing state prisoner's Section 3582(c)(2) motion without prejudice for lack of jurisdiction); *United States v. Wells*, No. 17-20184, 2021 WL 4148254 at *1 (E.D. Mich. Sept. 13, 2021) (finding that the court lacked jurisdiction over state inmate's Section 3582(c) motion).

While Campos may challenge his sentence or seek a reduction in his sentence in federal court under 28 U.S.C. §§ 2241 or 2254, 18 U.S.C. § 3582(c) provides him with no basis for relief because he was not convicted and sentenced in federal court.[3]

Accordingly, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS t**his case **WITHOUT PREJUDICE** for **LACK OF JURISDICTION**.

Additionally, the Clerk has advised the Court that Campos has neither paid the filing fee nor sought leave to proceed *in forma pauperis*. Campos seeks a reduction in his sentence which sounds in habeas. Therefore, a $5.00 filing fee would be applicable. Because this case is subject to summary dismissal, it is **RECOMMENDED** that Court not waste scarce judicial resources seeking a $5.00 filing fee or a motion for leave to proceed *in forma pauperis*.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of the findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

---

[3] Because the motion filed by Campos does not set forth any potential grounds for federal habeas relief, the Court should not construe the motion as a habeas petition.

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on February 7, 2022.

                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE